**In re Gregory W. WILLETT and Elaine C. Willett, Debtors.**

**Gregory W. WILLETT and Elaine C. Willett, Movants,**

v.

**MIDFIRST BANK, State Savings Bank and Gary J. Gaertner, Trustee, Respondents.**

**Bankruptcy No. 95–10866.
Motion No. JPB–5.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 4, 1996.

Leon P. Haller, Purcell, Krug & Haller, Harrisburg, PA.

Joseph P. Burt, Shamp, Arduini and Hain, Erie, PA, for debtors.

Gary J. Gaertner, Trustee, Pittsburgh, PA.

*MEMORANDUM*

WARREN W. BENTZ, Bankruptcy Judge.

The issue before the Court is what interest rate should be applied to arrearages on a debt secured by a mortgage on the Debtors' residence, to be cured by installment payments over the term of a Chapter 13 Plan. The Debtors propose the state judgment rate of 6%; the mortgagee proposes the contract rate of 10%, which it alleges is also the current market rate of interest.

The Debtor does not assert that 10% is incorrect as the market rate of interest. The Debtor instead posits that a 6% rate "represents a 'benchmark' that is deemed fair and equitable."

■ Upon taking a foreclosure judgment, a bank's mortgage merges into the judgment. *Stendardo v. Federal National Mortgage Ass'n.*, 991 F.2d 1089 (3rd Cir. 1993). After judgment is taken, a debtor's obligation is no longer based on the mortgage documents, but rather it is based on the judgment. *Id.* Following the entry of judgment, a bank is entitled to only the 6% judgment rate of interest. A debtor is no longer responsible for the contract rate of interest, nor for any other obligation under the contract, such as post-judgment taxes, insurance, or legal fees.

■ The Debtors' proposed plan contemplates a cure of the default. "Curing a default means taking care of the triggering event and returning to pre-default conditions." *In re Taddeo*, 685 F.2d 24 (2nd Cir. 1982). Curing a default means that "the event of default is remedied and the consequences are nullified." *Id.* at 28. "Stated differently, a cure returns the parties to the status quo ante by paying all the arrearages on the debt and reinstating the debt's original terms." *In re Johnson*, 184 B.R. 570, 574 (Bankr.D.Minn.1995). *See also In re Clark*, 738 F.2d 869, 872 (7th Cir.1984).

■ Accordingly, when the Debtor elected to cure and reinstate the mortgage, he again became liable for interest and all other charges which accrue under the terms of the Mortgage, just as if no judgment were ever

taken. The 6% judgment rate of interest is no longer applicable.

We conclude that the appropriate rate which should be applied to arrearages is the current market rate of interest for a loan of similar character, amount and duration. *General Motors Acceptance Corp. v. Jones,* 999 F.2d 63 (3d Cir.1993); *In re Henson,* 182 B.R. 584 (Bankr.N.D.OK.1995) (and cases cited therein). "The contract rate is a fair place to begin." *Jones* at 70. "[I]f a debtor proposes a plan with a rate less than the contract rate, it would be appropriate, in the absence of a stipulation, for a bankruptcy court to require the debtor to come forward with some evidence that the creditor's current rate is less than the contract rate." *Jones* at 71.

Here the Debtor does not question the respondent's current rate; Debtor only asserts that 6% is a "benchmark" that is fair and equitable. Accordingly, we hold that the respondent is allowed interest at the rate of 10% on its arrearage.